AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

DARLENE LLUVIA PADILLA

Case No. 22CR0469-JLS

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 34) and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,[1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish that her family circumstances or current medical condition present an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). With respect to family circumstances, Defendant indicates that she has elderly parents with "serious health conditions that limit their ability to drive and provide self-care" and that "there is no one else available to provide care for them." ECF 34 at 2. The Court acknowledges that under the proposed amendments to the Sentencing Guidelines, "the

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"[2] would qualify as an extraordinary and compelling circumstance warranting relief. However, Defendant has failed to establish that either of her parents is incapacitated, nor has she established the lack of any other caregiver. To the contrary, the Presentence Report indicates that Defendant has three siblings living near her parents. ECF 23 at 19.

As to her health concerns, Defendant indicates that she is unable to obtain psychiatric and psychological treatment and rehabilitation, including the Residential Drug Abuse Program, due to wait lists caused by COVID-19. She further indicates that she has past diagnoses regarding her liver and abdominal cysts for which she is not receiving care and treatment and that she has been diagnosed with high blood pressure. The medical records attached to the Government's response, however, indicate that Defendant is receiving regular medical care and treatment, including mental health care, and that her conditions appear to be controlled. ECF 39-1. Based on the information presented, the Court is unable to conclude that Defendant is suffering from a terminal illness or a serious medical condition that substantially diminishes her ability to provide self-care within the correctional facility. Therefore, the Court is not persuaded that Defendant's medical condition rises to the level of truly extraordinary and compelling reasons necessary to change and modify a final sentence.

Finally, the Court rejects Defendant's position that the COVID-19 pandemic continues to present an extraordinary and compelling basis for a sentence reduction. Courts have recognized that given the effectiveness of COVID-19 vaccines, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not

---

[2] §1B1.13(b)(3)(C), United States Sentencing Commission Adopted Amendments (Effective November 1, 2023), available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed 05/17/2023).

present an "extraordinary and compelling reason" warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).  Defendant's medical records indicate that she provided proof of vaccination upon intake to the facility and that she had already received two COVID-19 vaccinations in February, 2022.  ECF 39-1 at 6, 16.   The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated:  May 19, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge