UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DARLENE LLUVIA PADILLA,<br><br>　　　　　　　　　　Defendant. | Case No.:  22CR0469-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 41] |

　　　Pending before the Court is Defendant Darlene Lluvia Padilla's motion requesting reconsideration of this Court's order denying her motion for compassionate relief.  ECF No. 41.  The Court has carefully reviewed its order denying compassionate release in light of Defendant's motion, however, the Court maintains its view that compassionate release is not appropriate in this case.  Accordingly, the motion for reconsideration of the order will be denied.

　　　Defendant contends that reconsideration of the Court's order is warranted because she is not receiving medical care for her PTSD, depression, cysts, and high blood pressure.  ECF 41 at 1.  Defendant indicates that an inspection of Waseca FCI has uncovered "many significant issues" according to a DOJ Office of Inspector General's report.  *Id.*  These issues include staff shortages in Waseca FCI's health services and psychology services departments which have caused delays in treatment.  *Id.*  Defendant also alleges that the institution is falsifying documents.  *Id.* at 2.

Extraordinary medical circumstances are established when a defendant is suffering from a terminal illness, or a serious physical or mental condition that "substantially diminishes the ability of the defendant to provide self-care…and from which he or she is not expected to recover," or when the defendant is not being provided with necessary long-term or specialized care without which the defendant is "at risk of serious deterioration in health or death."  See USSG § 1B1.13(b)(1)(A)-(C).

In its order denying Defendant's request for compassion release, the Court noted that the medical records submitted in this case indicate that Defendant is receiving medical care and treatment.  Defendant takes issue with this conclusion and contends that she is not receiving medical care.  However, aside from the fact that the medical records previously provided to the Court suggest that Defendant's conditions are being controlled, Defendant has not demonstrated that any of her medical circumstances qualify as extraordinary.  Defendant has not established that her ability to provide self-care has been diminished, that she is not expected to recover from any of her conditions, or that she is at risk of serious deterioration in health or death.

Defendant's complaints about the staff shortages at FCI Waseca are troubling and are hopefully being addressed after the Inspector General's report.  However, courts have recognized that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Samal*, No. CR18-0214JLR, 2023 WL 2579887, at *3–4 (W.D. Wash. Mar. 16, 2023), quoting *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020).

Finally, Defendant contends that reconsideration is warranted with respect to the Court's conclusion that her family circumstances do not constitute extraordinary circumstances because she failed to establish that either of her parents is incapacitated or the lack of any other caregiver for them.  Defendant indicates that her siblings are unable to care for their elderly parents because they are employed.  Even assuming that this would be sufficient to establish the lack of available care for her parents, Defendant still has not

established that either of her parents are incapacitated. Thus, Defendant has not established that her family circumstances constitute a basis for relief. *See* USSG § 1B1.13(b)(3)(C) (defining extraordinary and compelling circumstances to include "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.").

For the reasons set forth above, the Court concludes that reconsideration of its order denying Defendant's motion for compassionate release is not warranted. Defendant's motion requesting reconsideration of the Court's order denying her motion for compassionate release is **Denied**.

IT IS SO ORDERED.

Dated: December 5, 2023

Hon. Janis L. Sammartino
United States District Judge